USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DORISCA,

                Plaintiff,

- against -

UNA RAWLS,

                Defendant.

18-cv-9756 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Kevin Dorisca, has filed suit against the pro se defendant, Una Rawls, claiming that the defendant engaged in violations of the Lanham Act. The plaintiff has also moved for a preliminary injunction, requesting that the Court order the defendant to provide the login credentials for various accounts related to the plaintiff's business and to retract allegedly false advertisements related to the plaintiff's business. The defendant has moved to dismiss the plaintiff's amended complaint under Federal Rule of Civil procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

I.

The following allegation are accepted as true for purposes of this motion.

In February 2013, the plaintiff and the defendant created an "artisan natural hair care product line" called

1

"AnuNaturals." Am. Compl. ¶ 1. The parties created an email account, a PayPal account, an Instagram account, and a website for the product line, which all contained the name "AnuNaturals." Id. ¶ 2 & p. 8. Sometime in 2014, the parties changed the name of the product line to "Au Rebelle" but retained the AnuNaturals email account, PayPal account, Instagram account, and website. Id. ¶¶ 3-4 & pp. 8-10. In August 2016, the AnuNaturals website domain was changed to reflect the Au Rebelle name. Id. ¶ 5. The plaintiff alleges that in May 2018, the defendant changed and withheld the passwords to the AnuNaturals email and Instagram accounts. Id. ¶ 6. The defendant also created an Instagram account under the handle "@HairGarten" and a website, "HairGarten.com" Id. The plaintiff discovered the HairGarten Instagram account and website on October 19, 2018. Id. ¶ 7.

Also on October 19, 2018, the plaintiff "create[d] a [s]ale on www.AuRebelle.com" and informed customers of this sale. Id. ¶ 8. On the same day, the defendant posted on the AnuNaturals Instagram account that www.AuRebelle.com was "closed for good" and that the new HairGarten website was "our" – referring to Au Rebelle's – new site. Id. ¶ 9 & p. 11. Photos of Au Rebelle products appeared on the HairGarten website and posts from the HairGarten Instagram account indicated that HairGarten was the successor of AnuNaturals and Au Rebelle. Id. ¶¶ 10-11 & p. 11.

2

In addition, the defendant "change[d] and withh[eld] [the] password to [the] Business Paypal account, issue[d] refunds to customers . . . using Plaintiff['s] personal bank account attached to Paypal as a back up funding source, while retaining the customers['] money in the Paypal Account." Id. p. 10.

The plaintiff alleges that the defendant's actions violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)-(B), and that this Court therefore has federal question jurisdiction over this case. The plaintiff requests as relief the costs associated with litigating this suit and 50 percent of HairGarten's profits. Am. Compl. p. 6. The plaintiff also moves for a preliminary injunction, requesting that the Court order the defendant to provide the plaintiff with the withheld login credentials and to retract allegedly false advertisements related to AnuNaturals and Au Rebelle. Dkt. No. 13. The plaintiff submitted a declaration in connection with the preliminary injunction motion that is substantively identical to the amended complaint. Dkt. No. 14. The defendant contends that there is no federal question jurisdiction and that the plaintiff has failed to state a claim under the Lanham Act.

## II.

The plaintiff's amended complaint is neither clear nor complete enough to determine whether this Court has subject matter jurisdiction over this action or whether the plaintiff

3

has stated a claim under the Lanham Act. The amended complaint is therefore dismissed without prejudice, sua sponte, under Federal Rule of Civil Procedure 8(a)(2).

Courts may dismiss a complaint sua sponte for noncompliance with Rule 8(a)(2) when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotation marks and citation omitted). Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he purpose of Rule 8(a)(2) is to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial." Elektra Entm't Grp., Inc. v. Barker, 551 F. Supp. 2d 234, 238 (S.D.N.Y. 2008) (quotation marks omitted).

In this case, it is not clear from the amended complaint which allegations are relevant to the plaintiff's Lanham Act claims or how the plaintiff's minimal allegations fit into his claims. The plaintiff also does not suggest any connection between the alleged Lanham Act violations and his requested relief of 50 percent of HairGarten's profits. The amended complaint does not put the Court or the defendant on notice of the nature of the plaintiff's claims, does not show that the

4

plaintiff is entitled to the relief he seeks, and is vague and unintelligible enough that sua sponte dismissal under Rule 8(a)(2) is warranted. See Simmons, 49 F.3d at 86. The amended complaint's deficiencies also prevent this Court from determining whether it has federal question jurisdiction over this matter. Therefore, the plaintiff's amended complaint is **dismissed without prejudice**.

Moreover, the plaintiff's motion for a preliminary injunction is **denied**. The plaintiff's motion is supported only by a short declaration recounting the facts in the amended complaint. Among other deficiencies, the plaintiff has not made the required showing of a likelihood of imminent and irreparable injury if he does not receive the requested injunctive relief. See Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) ("Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." (quotation marks omitted)); see also Int'l Dairy Foods Assoc. v. Amestoy, 92 F.3d 67, 71 (2d Cir. 1996) ("Irreparable harm is injury for which a monetary award cannot be adequate compensation."). Because the plaintiff's claims are not sufficiently clear, it is also impossible for the Court to

determine whether the plaintiff has shown a likelihood of success on the merits.

CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion to dismiss for lack of subject matter jurisdiction is **denied as moot** and the plaintiff's amended complaint is **dismissed without prejudice**. The plaintiff's motion for a preliminary injunction is **denied**. Any amended complaint must be filed by **June 7, 2019**.

The Clerk is directed to close docket numbers 3, 7, and 13.

**SO ORDERED.**

Dated: New York, New York
May 10, 2019

*/s/ John G. Koeltl*
John G. Koeltl
United States District Judge